**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDDY PHILLIPPEAUX, <br><br> Plaintiff, <br><br> v. <br><br> MIAMI APARTMENT INVESTORS, LLC *d/b/a* UNITED CORPORATE SERVICES, INC. MONARC AT MET3, *et al.* <br><br> Defendants. | Civil Action No. 23-01542 (SDW) (CLW) <br><br> **OPINION** <br><br> March 24, 2023 |

**THIS MATTER** having come before this Court upon the filing of a Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs by *pro se* Plaintiff Eddy Phillipeaux ("Plaintiff"), (D.E. 1), and the Court having reviewed the Complaint for sufficiency pursuant to Federal Rule of Civil Procedure ("Rule") 8(a)(2) and (3) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009); and

**WHEREAS** Plaintiff's Complaint puts forth claims for "retaliatory eviction" from an apartment ("the Property") located in Miami, Florida. (D.E. 1 at 2.) Defendants, the owners and agents of the Property, allegedly "refus[ed] to renew [Plaintiff's] lease agreement while his ADA and FHA lawsuit was pending," among other alleged transgressions. (D.E. 1 at 2, 6–10.) Plaintiff is a resident of Jersey City, New Jersey, and Defendants are residents of Miami, Florida. (D.E. 1 at 5.); and

**WHEREAS** a *pro se* litigant's submission to a court, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "'state a plausible claim for relief.'" *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x. 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); *Martin v. U.S. Dep't of Homeland Sec.*, No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017); and

**WHEREAS** "[I]t is absolutely clear that Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered choice among a host of different districts." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 185 (1979) (citing *Denver & R. G. W. R. Co. v. R.R. Trainmen*, 387 U.S. 556, 560 (1967)).  Venue is typically restricted to the "residence of the defendants or to 'a place which may be more convenient to the litigants'—i.e., both of them—'or to the witnesses who are to testify in the case.'" *Id.* (quoting S. Rep. No. 1752, 89th Cong., 2d Sess., 3 (1966)).

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Importantly, "district courts have 'discretion to address convenience-based venue issues' in the first instance and that they 'should suspend concerns about other threshold

issues' while doing so." *Reading Health Sys. v. Bear Stearns & Co.*, 900 F.3d 87, 95 (3d Cir. 2018) (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 436 (2007)); and

**WHEREAS** Plaintiff previously filed a related action in the United States District Court in the Southern District of Florida.[1] (D.E. 1 at 10). On May 12, 2022, the Honorable Paul C. Huck, U.S.D.J. dismissed Plaintiff's Complaint with prejudice and closed the matter. (D.E. 1-5.) Plaintiff asserts that an appeal of that decision is pending. (D.E. 1-5.) The allegations in Plaintiff's present Complaint involve retaliation purportedly committed by the same Defendants in the original action. (*See generally* D.E. 1.) Plaintiff's present Complaint, however, has not been filed in the proper venue. The appropriate venue for the matter is the Southern District of Florida because Defendants are residents of Miami, Florida and the complained-of action occurred in Miami, Florida. Pursuant to 28 U.S.C. § 1391(b), the matter must be filed in the "judicial district in which any defendant resides" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"—either of which, in this matter, are the Southern District of Florida; therefore

Plaintiff's Complaint is *sua sponte* **DISMISSED** due to improper venue, and this matter shall be closed.[2] An appropriate order follows.

                                                  /s/ Susan D. Wigenton
                                                  **United States District Judge**

Orig: Clerk
cc:    Cathy L. Waldor, U.S.M.J.
       Parties

---

[1] Matter number 21-cv-22981. (D.E. 1 at 1-5.)

[2] Because this matter must be dismissed, it would be inappropriate for this Court to consider Plaintiff's IFP application.

3